**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1578**

JOHN TJANAKA,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 9, 2009      Decided: February 13, 2009

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Richard W. Moore, Jr., LAW OFFICES OF RICHARD W. MOORE, PA, Towson, Maryland, for Petitioner. Gregory G. Katsas, Assistant Attorney General, Carol Federighi, Senior Litigation Counsel, Andrew B. Insenga, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Tjanaka, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his asylum application because it was untimely and denying his applications for withholding from removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

We are without jurisdiction to review the Board's affirmance of the immigration judge's decision denying Tjanaka's asylum application as untimely. Under 8 U.S.C. § 1158(a)(3) (2006), the Attorney General's decision regarding whether an alien has complied with the one-year time limit for filing an application for asylum or established changed or extraordinary circumstances justifying waiver of that time limit is not reviewable by any court. See Zaidi v. Ashcroft, 377 F.3d 678, 680-81 (7th Cir. 2004) (collecting cases holding that this jurisdiction-stripping provision precludes judicial review); see also Jarbough v. Attorney Gen., 483 F.3d 184, 188-89 (3d Cir. 2007) (holding that, despite REAL ID Act, § 1158(a)(3) continues to divest court of jurisdiction to review factual issues such as whether an alien established changed or extraordinary circumstances excusing untimely filing). Furthermore, Tjanaka fails to raise a constitutional question or a question of law

2

with respect to the denial of asylum relief. See 8 U.S.C. § 1252(a)(2)(D) (2006).

We further find substantial evidence supports the Board's decision denying Tjanaka's applications for withholding from removal and withholding under the CAT. "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)); see also 8 U.S.C. § 1231(b)(3)(A) (2006); 8 C.F.R. § 1208.16(b) (2008). "This is a more stringent standard than that for asylum . . . . [and], while asylum is discretionary, if an alien establishes eligibility for withholding of removal, the grant is mandatory." Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006) (citations omitted). We note Tjanaka failed to raise the issue of past persecution to the Board. Accordingly, this court may not review the issue. See Massis v. Mukasey, __ F.3d __, 2008 WL 5146962, **5-8 (4th Cir. 2008) (court lacks jurisdiction to review an issue not raised on appeal to the Board, citing 8 U.S.C. § 1252(d)(1) (2006)). We find substantial evidence supports the Board's finding that Tjanaka was not eligible for withholding from removal and the record does not compel a different result.

3

In order to show eligibility for relief under the CAT, Tjanaka must show that it is "more likely than not" that he would be tortured were he to return to Indonesia. <u>See</u> 8 C.F.R. § 1208.16(c)(2) (2008). We will not review any issue with respect to the denial of relief under the CAT because Tjanaka failed to raise the issue on appeal to the Board.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>